IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **INDIAN HARBOR** | **PLAINTIFF** |
| **INSURANCE COMPANY** | |
| v. | CIVIL CASE 1:20-cv-00268-HSO-RHWR |
| **RANDALL MOORE,** *et al* | **DEFENDANTS** |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL, STAYING DISCOVERY, AND ADMINISTRATIVELY CLOSING CASE

BEFORE THE COURT is the [45] Motion to Compel filed by Plaintiff Indian Harbor Insurance Company on February 24, 2022. Plaintiff also filed a supporting [46] Memorandum. Defendants Randall Moore, Talon Contracting, LLC (also known as Apollo Industries, LLC), and ETI, Inc. (collectively "Defendants") have filed a [52] Response in opposition to the motion, and Plaintiff a [53] Reply. After consideration of the parties' submissions, the record, and the relevant legal authorities, the Court finds that the [45] Motion to Compel should be denied without prejudice, discovery stayed, and this case administratively closed for statistical purposes pending resolution of the state criminal proceedings.

### I. BACKGROUND

This case stems from the fatal motor vehicle collision involving Defendant Randall Moore ("Moore") and Defendant Mallory Comeaux and her two minor children (collectively "Comeauxs") that occurred on September 9, 2019. The Comeauxs allege that on the evening of the collision, Moore was driving from New Orleans, Louisiana, to Picayune, Mississippi, in anticipation of a meeting at Stennis

Space Center the following morning to develop work for Talon Contracting, LLC, which Moore is both a member and an employee. The Comeauxs further allege that Moore was driving a vehicle borrowed by Talon Contracting, LLC, from ETI, Inc., a separate company for which Moore is president and co-owner. Plaintiff Indian Harbor Insurance Company ("Indian Harbor") filed the instant action seeking a declaratory judgment that it does not owe insurance coverage on the Comeauxs' claims against Defendants under primary and excess policies issued to Talon Contracting, LLC.

On February 24, 2022, Indian Harbor filed the instant [45] Motion seeking to compel Defendant to provide complete responses to nine deposition questions, five requests for production, and two interrogatories. *See* Mem. in Supp. [46] at 4-6, 11-13. Specifically, Indian Harbor contends that Moore's assertion of the Fifth Amendment privilege against self-incrimination does not apply to the discovery requests at issue. *Id*. at 9. Indian Harbor further contends that Defendants' assertions of the attorney-client privilege and work product doctrine are inapplicable and were waived by failing to produce a privilege log. *Id*. at 12-15.

Defendants respond that because any response to these disputed discovery requests could potentially be used in the pending state criminal case against Moore, he properly invoked his Fifth Amendment privilege. *See* Mem. in Supp. [52] at 3-10. Defendants further respond that to the extent the Fifth Amendment privilege does not apply, the requested information is protected either by the attorney-client privilege, the work product doctrine, or the requests are overbroad or irrelevant. *Id*. at 10-15.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

In reviewing a motion to compel, courts must consider that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). Indeed, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis*, 2016 WL 918038, at *2. "[I]t hardly bears repeating that control of discovery is committed to the sound discretion of the trial court . . . ." *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 Fed. App'x 279, 283 (5th Cir. 2014) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

## III. DISCUSSION

### A. Fifth Amendment Privilege Against Self-Incrimination

The Fifth Amendment privilege against self-incrimination is one of our most fundamental rights as citizens and can be invoked in any proceeding where the witness "reasonably believes [that his testimony] could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). For that reason, a witness in a civil action cannot be compelled by a court "to answer deposition [or other discovery] questions over a valid assertion of his Fifth Amendment rights." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 256-57 (1983).

The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a danger that the testimony might be used against the witness in later criminal proceedings. As Justice Blackmun noted, "[i]t is black-letter law that a witness cannot assert a Fifth Amendment privilege not to testify if the testimony sought cannot possibly be used as a basis for, or in aid of, a criminal prosecution against the witness." *Pillsbury Co.*, 459 U.S. at 273.

In this case, Moore invoked the Fifth Amendment privilege against self-incrimination in response to the following nine deposition questions:

> Q: Number 10; thank you. In your Answer to Interrogatory No. 4, you indicated that on September 9, 2019, "I left from 365 Canal Street and traveled to Mississippi." Please detail the time at which you left ETI/Talon's office at suite 2425 of 365 Canal Steet.
>
> Q: Please indicate the time you left the building located at 365 Canal Street.

4

Q: Number 12; in your Answer to Interrogatory No. 6, you indicated that on September 9, 2019, "I worked from my office. That evening I traveled to Mississippi on behalf of Talon." Please detail every location where you spent any time on the evening of September 9, 2019, from the time you left your office at suite 2425 of 365 Canal Street and the time you began the drive that resulted in the motor vehicle accident.

Q: Number 13; did you spent any time at Morton's Steakhouse, located at 365 Canal Place, on the evening of September 9, 2019? If so, please identify all individuals with whom you spent time at Morton's steakhouse on the evening of September 9, 2019. Please provide the full name, address, telephone number, and the nature of your relationship with each individual so identified.

Q: Number 14; if you spent any time at Morton's Steakhouse, located at 365 Canal Place, on the evening of September 9, 2019, please state the time when you left Morton's Steakhouse and whether you went directly to the Cadillac at issue after leaving Morton's Steakhouse.

Q: Number 15; if you made any stops between leaving Morton's Steakhouse, located at 365 Canal Place, on the evening of September 9, 2019, and getting into the Cadillac in question, please identify each stop by description, address and duration.

Q: Number 19; please identify every individual with whom you spoke by telephone or in person on the evening of September 9, 2019, from the time you left your office at suite 2425 of Canal Street and the time you began the drive that resulted in the motor vehicle accident. Please provide the full name, address, telephone number, and the nature of your relationship with each individual so identified.

Q: 32; on September 9, 2019, did you expect for anyone else to be at 58 Big Springs Road, Picayune, Mississippi upon your arrival? If so, please identify and provide the full name, address, telephone number, and the nature of your relationship with any individual so identified.

Q: Number 90; did you make any purchases on your ETI or Talon company credit cards on September 9, 2019. If so, please identify any purchases by amount and vender, and explain the nature of each purchase.

Mem. in Supp. [46] at 4-6; Mem. in Supp. [52] at 6-7. Moore also invoked the privilege in response to the following two interrogatories:

> Interrogatory No. 10: Please detail where Moore was when he began the drive during which the collision occurred, including the specific address and a description of the location, and describing the purpose for Moore's presence at that location and the identity of any individual with who Moore met at that location.
>
> Interrogatory No. 11: Please identify any individuals with whom Moore physically interacted with or spoke to on September 9, 2019, between 3:00 pm and the time of the accident, and provide telephone numbers and addresses for all individuals identified.

Mem. in Supp. [46] at 6; Mem. in Supp. [52] at 4-5. Moore likewise invoked the privilege in response to request for production No. 21 asking for "Copies of any and all receipts for any lodging, meals and/or entertainment expenses incurred by Mr. Moore, either in a personal or professional capacity, on the date of the incident at issue." Mem. in Supp. [46] at 6; Mem. in Supp. [52] at 5.

Upon review, the Court finds that Moore legitimately invoked his Fifth Amendment privilege against self-incrimination. This action and the pending state criminal charges against him, allegedly set for trial later this year, arise from the same fatal motor vehicle collision. And Moore's potential responses to the disputed discovery requests present a real danger of their subsequent use against him in the state criminal proceedings. For example, each disputed discovery request seeks information about Moore's whereabouts, departure time, acquittances, or what he may have consumed prior to the collision. Because Moore contends that his blood alcohol concentration and time of alleged consumption are a central issue in the state

criminal proceedings, however, any responses provided necessarily implicate information prosecutors could subsequently employ against him. Accordingly, Moore's assertion of the Fifth Amendment privilege against self-incrimination is valid.

Because district courts are precluded from "compelling testimony in a civil [action] over a valid assertion of the Fifth Amendment privilege, absent a specific assurance of immunity for such testimony," *Pillsbury*, 459 U.S. at 264 n.24, Indian Harbor's request to compel responses to interrogatories No. 10 and 11, and request for production No. 21, will be denied without prejudice.[1]

## B. Stay of Discovery

"[F]ifth amendment issues frequently arise when parallel criminal, civil or administrative proceedings are pending." *Hoover v. Knight*, 678 F.2d 578, 581 (5th Cir. 1982). The Court evaluates the following factors to determine whether to stay civil litigation in deference to parallel criminal proceedings: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See U.S. ex*

---

[1] In light of the decision to stay discovery and administratively close this case, the Court declines, at this juncture, to opine on the merits of the other objections raised to these specific discovery requests. Upon reopening of the case, Indian Harbor may re-file its motion to compel, if necessary.

7

*rel. Magee v. Lockheed Martin Corp.*, No. 1:09-cv-324-HSO-JMR, 2010 WL 2816658, at \*4 (S.D. Miss. July 16, 2010).

Upon review, the factors weigh in favor of staying discovery in this case. The same fatal motor vehicle collision underlies this civil case and the pending state criminal case. Moore has been indicted and is allegedly set to stand trial later this year on the state criminal charges. Moore's interest in avoiding the quandary of choosing between invoking his Fifth Amendment privilege against compulsory self-incrimination or jeopardizing his defense in this civil case, where an adverse interest may be drawn from his silence, outweighs the interest in a speedier resolution of the civil case. No parties allege that a stay of discovery would lead to loss of discovery or hinder the ability to execute any judgment. And a stay of discovery would not cause serious harm to the public interest because the criminal prosecution will serve to advance the public interests at stake.

In addition to discovery being stayed, this case will be administratively closed, as there appears no reason at this time to maintain the file as open for statistical purposes. The parties are directed to move to reopen the case when the state criminal proceedings against Moore have concluded, at which time the Court will reopen the case and place it on the active docket. Nothing contained in this Order shall be considered a dismissal or final disposition of this matter.

**C. Remaining Discovery Disputes**

Because discovery will be stayed and this case will be administratively closed, the Court declines to address the merits of Defendants' objections regarding requests

for production No. 13, 20, 22, 26. However, after the case has been reopened, Indian Harbor may re-file its motion to compel if necessary.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED,** that the [45] Motion to Compel is **DENIED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED,** that discovery is stayed, and this case is administratively closed for statistical purposes pending resolution of the state criminal proceedings.

**SO ORDERED AND ADJUDGED**, this the 8th day of April 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE